George Eilperin, J.
Petitioners move pursuant to article 78 (Civ. Prae. Act) to annul orders of the State Rent Administrator modifying over-all rent increases previously granted to compensate the landlords for the installation of heat and hot water in cold-water tenements. The petitioners contend that there is no legal sanction for the Rent Administrator’s reopening and modification of a prior final order and that such modification is an improper retroactive application of a new policy and further that the respondent is estopped from modifying its decision in view of its prior conduct.
The court is of the opinion that there is no basis for such contention and accordingly the motion is denied. The statute and regulations grant the Rent Administrator power to revoke, in whole or in part, any previous grant of rent increases in cases where the basis of the original grant has been materially changed. (See State Rent and Eviction Regulations, § 33.) In this case the petitioner is desirous of receiving duplicate or multiple relief, both from the State as well as from the City of New York.
A case analogous to the present one is the Matter of Sherman-Taylor Corp. v. Temporary State Rousing Comm. (15 Misc 2d 646, 647) in which the court held as follows: “In view of the fact that petitioner was previously granted rent increases based upon the then existing taxes as part of operating expenses, it appears clear that respondent is correct in ordering a prorata refund based upon the decrease in the taxes and recoupment by the landlord after the certiorari proceedings.”
*630 The question of estoppel is not applicable since it has been held that estoppel does not lie against the exercise of a sovereign power (see Matter of Rochester Tr. Corp. v. Public Service Comm., 271 App. Div. 406, 411; also Building Realty & Securities Corp. v. McGoldrich, 137 N. Y. S. 2d 708).