Arthur G. Klein, J.
This is an article 78 proceeding brought by the landlord petitioner to review and annul the order and determination of the State Bent Administrator modifying, pursuant to section 33 of the State Bent and Eviction Begulations, certain rent increases previously granted covering accommodations in these premises. In the present case the petitioner applied for a so-called prior opinion as to the amount of rent increases he would be granted based upon an expenditure by him of $30,000 to substantially rehabilitate and make various capital improvements in the apartments in this building, including installation of private bathrooms and modernized kitchens. He was advised that, based upon his estimated cost, a rent increase of $20 a month would be granted for each apartment.
Subsequently the petitioner applied for and was granted such increases. Sometime after the granting of the increases this landlord applied for and was granted tax abatement on the improvements made. The abatement was granted pursuant to the city’s tax abatement and tax exemption program enacted into law by Local Law, 1955, No. 118 of the City of New York (Administrative Code of City of New York, § J41-2.4), effective January 1, 1956. This program was not in effect at the time the petitioner procured the Administrator’s prior opinion. Since, therefore, because of the benefit received by the landlord in the tax abatement the net cost to him of the improvements *75 became less than the cost originally asserted, the Administrator initiated a proceeding, pursuant to section 33 of the State Rent and Eviction Regulations, and modified prospectively the rent increases previously granted.
The petitioner contends that there is no legal sanction for the Administrator’s reopening and modifying the prior trial order, that the modification so made is a retroactive application of a new policy, and further, that the respondent is estopped from modifying its prior decision.
The court is of the opinion that there is no basis for such contentions. The statute and the regulations grant the Rent Administrator power to revoke, in whole or in part, any previous grant of rent increases in cases where the basis of the original grant has been materially changed (State Rent and Eviction Regulations, § 33). The petitioner here seeks to receive duplicate or multiple relief, both from the State as well as from the City of New York (Matter of Hiltzik v. Weaver, 16 Misc 2d 629).
Where the petitioner was previously granted rent increases based upon the then existing taxes as part of operating expenses it was held that the respondent was correct in ordering a pro rata refund based upon the decrease in the taxes and recoupment by the landlord after the certiorari proceedings (Matter of Sherman-Taylor Corp. v. Temporary State Housing Comm., 15 Misc 2d 646).
As is demonstrated by the calculations contained in respondent’s memorandum the modifications of the prior rent adjustments granted do not operate to the landlord’s detriment. Neither is it unreasonable. The petitioner’s claim that the tax abatement did not take into consideration the benefits which accrued to commercial tenants is of no force (Administrative Code of City of New York, § J41-2.4). The alleged consents by tenants to the increases in no way affects the Administrator’s authority. Nor was the Administrator obliged, when the prior opinion was issued or the increases granted, to notify the landlord that the increases were subject to reduction if relief was obtained by a tax abatement. The petitioner has failed to establish that the action of the respondent was arbitrary, capricious, unreasonable or unlawful. The application is accordingly denied and the proceeding is dismissed.
Settle order.