George Tilzer, J.
This is an article 78 (Civ. Prac. Act) proceeding brought by the petitioner landlords to annul the State Bent Administrator’s order modifying certain rent increases previously granted. The Administrator recomputed increases allowed for the installation of water closets after the landlords had applied to the City of New York and had obtained tax exemption and tax abatement on the cost of the improvements (Administrative Code of City of New York, § J41-2.4).
The petitioners contend that the orders granting the rent increases were final orders filed pursuant to the regulations then in effect; that the applications and the adjustment orders were processed without knowledge of the later passage of the local law providing for tax abatement; that no protest was taken from the orders, which do not contain any reservation enabling the Administrator to reopen such orders, and that in the circumstances the orders- are final determinations which the Administrator cannot disturb.
The Administrator is under obligation to modify rent adjustments where there has been a substantial change in the basis upon which such rent adjustment was granted (State Residential Rent Law, § 4; L. 1946, ch. 274, as amd.). In the present instance, the tax abatement program enacted by the city and the benefits of which have been extended to the landlords, will afford the landlords tax exemption for 12 years on the cost of the improvement and tax abatement enabling them to recover 75% of the cost upon which the Administrator originally had granted the rent increases. It is obvious, therefore, that by applying for and gaining tax abatement the landlords substantially changed the basis upon which the Administrator’s rent adjustments had been granted. The Administrator in redetermining the effect of the tax abatement upon the landlords’ cost in making the improvements, reduced the total annual rent increases previously allowed by an amount equal to two thirds of the total annual tax remission received by the landlords. These orders were prospectively only. It is to be noted, too, that the procedure adopted by the Administrator did not provide for a downward adjustment in rents of the total amount received by way of tax abatement, but only of two thirds thereof. The *73 landlords are credited with one third of the remitted taxes and receive rent increases based on this one third of the remitted taxes. The landlords are thus benefited by virtue of the modified rent increase as well as by the tax exemption on the cost of the improvements. The Administrator’s modification is entirely reasonable in the circumstances and in accord with his jurisdiction and powers under the rent law.
The purpose of the local legislation was to aid owners to remove fire and health hazards and to make less burdensome the replacement of inadequate and obsolete sanitary facilities by reducing the cost of these improvements by tax abatement. While permitting the owners to reduce their cost, it was never the intent of the legislation that in addition the landlords would be entitled to receive rent increases based upon the total expenditures for these improvements. Accordingly, the Administrator was warranted in taking the instant action to effectuate the purposes of the rent control law to prevent an increase in rent inconsistent with the law (State Residential Rent Law, § 4; Matter of Sherman-T aylor Corp. v. Temporary State Housing Rent Comm., 15 Misc 2d 646; Matter of Semel v. Weaver, 17 Misc 2d 73; Matter of Hiltzik v. Weaver, 16 Misc 2d 629; Matter of Davis v. McGoldrick, 3 Misc 2d 830, 832).
The Administrator’s power to modify the orders in question was not dependent upon any saving language contained in such orders, but rests upon the very regulation (State Rent and Eviction Regulations, § 33) under which the landlord’s applications for increases were brought. In granting the increases, as well as the later modifications, the Administrator acted pursuant to section 33 of the rent regulations, which provides that ‘1 The Administrator shall have the power to revoke or modify an adjustment granted hereunder if there has been a substantial change in the basis upon which such adjustment was granted.”
The court concludes that the Administrator was under an obligation to act in the circumstances and that such action was taken within the power of the Administrator and was exercised with propriety. The application is denied and the proceeding dismissed.